UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | Criminal No. H-06-242 |
| | § | |
| STEVEN ANYANWU STEPHENS | § | |
| BARTHOLOMEW STEPHENS | § | |

## JURY INSTRUCTIONS

## INSTRUCTION NO. __1__

## INTRODUCTION

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to determine what testimony and evidence is relevant under the law for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules about this particular case, and finally I will explain to you procedures you should follow in your deliberations.

# INSTRUCTION NO. __2__

## DUTY TO FOLLOW INSTRUCTIONS, ETC.

You, as jurors, are the judges of the facts. But in determining what actually happened in this case -- that is, in reaching your decision as to the facts -- it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I give it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the testimony and evidence in the case, without prejudice or sympathy, including for the victims of the Hurricanes Katrina and Rita. That was the promise you made and the oath you took before being accepted by the parties as jurors in this case, and they have the right to expect nothing less.

3

## INSTRUCTION NO. __3__

## PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The law does not require a defendant to prove his innocence or produce any evidence at all and no inference whatever may be drawn from the election of a defendant not to testify. The government has the burden of proving him guilty beyond a reasonable doubt, and if it fails to do so, you must find him not guilty.

Thus, while the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

4

## INSTRUCTION NO. __4__

## EVIDENCE -- EXCLUDING ARGUMENT OF COUNSEL AND COMMENT OF COURT

As I told you earlier, it is your duty to determine the facts. In doing so, you must consider only the evidence presented during the trial, including the sworn testimony of the witnesses and the exhibits.

Remember that any statements, objections or arguments made by the lawyers are not evidence. The function of the lawyers is to point out those things that are most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

Also, during the course of a trial I occasionally make comments to the lawyers, or ask questions of a witness, or admonish a witness concerning the manner in which he should respond to the questions of counsel. Do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

# INSTRUCTION NO. __5__

## EVIDENCE -- INFERENCES -- DIRECT AND CIRCUMSTANTIAL

While you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the evidence.

In considering the evidence, you should not be concerned about whether the evidence is either direct or circumstantial evidence. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances indicating that the defendant is either guilty or not guilty. The law makes no distinction between the weight you may give either direct or circumstantial evidence.

6

## INSTRUCTION NO.  6

### CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his or her testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the person impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case?  Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses?  These are a few of the considerations that will help you determine the accuracy of what each witness said.

7

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point.

## INSTRUCTION NO. __7__

## IMPEACHMENT BY PRIOR INCONSISTENCIES

The testimony of a witness may be discredited by showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

Earlier statements of a witness were not admitted in evidence to prove that the contents of those statements are true. You may consider the earlier statements only to determine whether you think they are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.

## INSTRUCTION NO.   8

## EXPERT WITNESSES

During the trial you heard the testimony of Larry Hovey, who has expressed opinions concerning forensic computer analysis.  If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion.  You should judge such testimony like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

## INSTRUCTION NO. __9__

## IDENTIFICATION TESTIMONY

In any criminal case the government must prove not only the essential elements of the offense or offense charged, as hereafter defined, but must also prove, of course, the identity of the defendant as the perpetrator of the alleged offense or offenses.

In evaluating the identification testimony of a witness you should consider all of the factors already mentioned concerning your assessment of the credibility of any witness in general, and should also consider, in particular, whether the witness had an adequate opportunity to observe the person in question at the time or times about which the witness testified. You may consider, in that regard, such matters as the length of time the witness had to observe the person in question, the prevailing conditions at that time in terms of visibility or distance and the like, and whether the witness had known or observed the person at earlier times.

You may also consider the circumstances surrounding the identification itself including, for example, the manner in which the defendant was presented to the witness for identification, and the length of time that elapsed between the incident in question and the next opportunity the witness had to observe the defendant.

If, after examining all of the testimony and evidence in the case, you have a reasonable doubt as to the identity of the defendant as the perpetrator of the offense charged, you must find the defendant not guilty.

## INSTRUCTION NO. __10__

### SIMILAR ACTS

You have heard evidence of acts of the defendant which may be similar to those charged in the indictment, but which were committed on other occasions. You must not consider any of this evidence in deciding if the defendant committed the acts charged in the indictment. However, you may consider this evidence for other, very limited purposes.

If you find beyond a reasonable doubt from other evidence in this case that the defendants did commit the acts charged in the indictment, then you may consider evidence of the similar acts allegedly committed on other occasions to determine:

Whether the defendants had the state of mind or intent necessary to commit the crimes charged in the indictment; or

Whether the defendants had a motive or opportunity to commit the acts charged in the indictment; or

Whether the defendants acted according to a plan or in preparation for commission of a crime; or

Whether the defendant committed the acts for which he is on trial by accident or mistake.

These are the limited purposes for which any evidence of other similar acts may be considered.

You have also heard evidence of an act of Daniel Lee Garrett which may be similar to those charged in the indictment, but which was committed on another occasion. You may use this evidence to consider whether Mr. Garrett had the opportunity and ability to concoct and conduct a fraudulent scheme without the defendants' aid or participation.

I remind you that the government must prove a defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find him not guilty.

# INSTRUCTION NO. __11__

## CAUTION -- MULTIPLE DEFENDANTS – MULTIPLE COUNTS

A separate crime or offense is charged against each of the defendants in each count of the indictment.  Each count, and the evidence pertaining to it, should be considered separately.  The case of each defendant should be considered separately and individually. The fact that you may find one or more of the accused guilty of any of the crimes charged should not control your verdict as to any other crime or any other defendant. You must give separate consideration to the evidence as to each defendant.

## INSTRUCTION NO. __12__

## CAUTION – CONSIDER ONLY CRIME CHARGED

You are here to decide whether the government has proved beyond a reasonable doubt that the defendants are guilty of the crimes charged.  The defendants are not on trial for any act or conduct or offense not alleged in the indictment.  Neither are you concerned with the guilt of any other person or persons not on trial as a defendant in this case.

## INSTRUCTION NO.  13

### ON OR ABOUT

You will note that the indictment charges that the offense was committed "on or about" a certain date.  The government does not have to prove that the crime was committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crime on a date reasonably near the date stated in the indictment.

## INSTRUCTION NO. __14__

### "KNOWINGLY"

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

## INSTRUCTION NO. __15__

## CAUTION – PUNISHMENT

If a defendant is found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion.

## INSTRUCTION NO. __16__

## COUNT ONE: CONSPIRACY

Title 18, United States Code, Section 371, makes it a crime for anyone to conspire with someone else to commit an offense against the laws of the United States. In this case, Count One of the Indictment charges the defendants with conspiring to commit wire fraud and/or aggravated identity theft.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

For you to find a defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: That two or more persons made an agreement to commit the crime of wire fraud or the crime of aggravated identity theft, as charged in the indictment;

Second: That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose;

Third: That one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the indictment, in order to accomplish some object or purpose of the conspiracy.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant played only a minor part.

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme. Similarly, the government need not prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out. Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

## INSTRUCTION NO. __17__

## COUNTS TWO-SEVEN: WIRE FRAUD

Title 18, United States Code, Section 1343, makes it a crime for anyone to use interstate wire communications in carrying out a scheme to defraud.

For you to find a defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First:  That the defendant knowingly created a scheme to defraud, that is to obtain money from others through operation of the www.salvationarmyonline.org website which falsely purported to be raising money on behalf of the Salvation Army for relief efforts, including Hurricane Katrina and Rita relief efforts;

Second:  That the defendant acted with specific intent to defraud;

Third:　That the defendant used interstate wire communications or caused another person to use interstate wire communications for the purpose of carrying out the scheme; and

Fourth:  That the scheme to defraud employed false material representations.

A "scheme to defraud" includes any scheme to deprive another of money or property by means of false or fraudulent pretenses, representations, or promises.

An "intent to defraud" means an intent to defraud or cheat someone.

A statement or representation is "false" or "fraudulent" if it is known to be untrue or is made with reckless indifference to its truth or falsity. A representation

22

would also be "false" when it constitutes a half truth, or effectively conceals a material fact, provided it is made with intent to defraud.

A false statement is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to which it is addressed.

An "interstate wire communication" is the use of a means of electronic wire communication to transmit in interstate commerce any writing, sign, signal, picture, or sound.

It is not necessary that the government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme, or that the materials transmitted by wire was itself false or fraudulent, or that the alleged scheme actually succeeded in defrauding anyone, or that the use of interstate wire communications facilities was intended as the specific or exclusive means of accomplishing the alleged fraud.

What must be proved beyond a reasonable doubt is that the defendant knowingly devised or intended to devise a scheme to defraud that was substantially the same as the one alleged in the indictment, and that the use of the interstate wire communications facilities was closely related to the scheme because the defendant either wired something or caused it to be wired in interstate commerce in an attempt to execute or carry out the scheme. To "cause" interstate wire communications facilities to be used is to do an act with knowledge that the use of the wire facilities

will follow in the ordinary course of business or where such use can reasonably be foreseen.

Each separate use of the interstate wire communications facilities in furtherance of the scheme to defraud constitutes a separate offense.

# INSTRUCTION NO. __18__

## COUNTS EIGHT-NINE:  AGGRAVATED IDENTITY THEFT

Title 18, United States Code, Section 1028A, makes it a crime for anyone, during and in relation to the commission of wire fraud, to transfer, possess, or use, without legal authority, a means of identification of another person.

For you to find a defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First:  That the defendant committed the underlying crime of wire fraud as alleged in any of Counts Two through Seven of the Indictment; and

Second:  That during and in relation to the commission of any of the wire fraud crimes alleged in Counts Two through Seven of the Indictment, the defendant knowingly used, without legal authority, a means of identification of another person, that is, the social security number assigned to that other person.

"In relation to" means that the use of the means of identification must have some purpose, role, or effect with respect to the wire fraud scheme.

## INSTRUCTION NO. __19__

## CONSPIRATOR'S LIABILITY FOR SUBSTANTIVE COUNT

A conspirator is responsible for offenses committed by other conspirators if the conspirator was a member of the conspiracy when the offense was committed and if the offense was committed in furtherance of, or as a foreseeable consequence of, the conspiracy.

Therefore, if you have first found a defendant guilty of the conspiracy to commit wire fraud or aggravated identity theft as charged in Count One, and if you find beyond a reasonable doubt that, during the time the defendant was a member of that conspiracy, other conspirators committed the offense of wire fraud and aggravated identity theft in Counts Two through Nine in furtherance of or as a foreseeable consequence of that conspiracy, then you may find the defendant guilty of Counts Two through Nine, even though the defendant may not have participated in any of the acts which constitute the offense described in Counts Two through Nine.

## INSTRUCTION NO. __20__

## AIDING AND ABETTING - 18 U.S.C. §2

The guilt of a defendant in a criminal case may be established without proof that the defendant personally did every act constituting the offense alleged. The law recognizes that, ordinarily, anything a person can do for himself may also be accomplished by him through the direction of another person as his or her agent, or by acting in concert with, or under the direction of, another person or persons in a joint effort or enterprise.

If another person is acting under the direction of the defendant or if the defendant joins another person and performs acts with the intent to commit a crime, then the law holds the defendant responsible for the acts and conduct of such other persons just as though the defendant had committed the acts or engaged in such conduct.

Before any defendant may be held criminally responsible for the acts of others, it is necessary that the accused deliberately associate himself in some way with the crime and participate in it with the intent to bring about the crime.

Of course, mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish that a defendant either directed or aided and abetted the crime unless you find beyond a reasonable doubt that the defendant was a participant and not merely a knowing spectator.

In other words, you may not find any defendant guilty unless you find beyond a reasonable doubt that every element of the offense as defined in these instructions was committed by some person or persons, and that the defendant voluntarily participated in its commission with the intent to violate the law.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:  That the offense of wire fraud or aggravated identity theft was committed by
   some person;

*Second*:  That the defendant associated with the criminal venture;

*Third*:  That the defendant purposefully participated in the criminal venture; and

*Fourth*:  That the defendant sought by action to make that venture successful.

"To associate with the criminal venture" means that the defendant shared the criminal intent of the principal.  This element cannot be established if the defendant had no knowledge of the principal's criminal venture.

"To participate in the criminal venture" means that the defendant engaged in some affirmative conduct designed to aid the venture or assisted the principal of the crime.

# INSTRUCTION NO. __21__

## DUTY TO DELIBERATE

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges - judges of the facts. Your sole interest is to seek the truth from the evidence in the case, to decide whether the government has proved the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A form of verdict has been prepared for your convenience.

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the marshal. I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.